UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IRA M. AMAZON,

    Petitioner,

v.                                      Case No. 8:06-cv-2337-T-23MAP

SECRETARY, Department of Corrections,

    Respondent.
                                              /

**O R D E R**

Amazon's petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), in which he challenges the validity of his state convictions for burglary and sexual battery, was dismissed as successive without permission from the circuit court as required by 28 U.S.C. § 2244(b)(3)(A). See, Felker v. Turpin, 518 U.S. 651, 664 (1996) and Dunn v. Singletary, 168 F.3d 440, 442 (11th Cir. 1999). Pending is Amazon's "Motion for Rehearing" (Doc. 7), "Motion to Amend Pleadings" (Doc. 8), and "Motion to Alter or Amend Judgment" (Doc. 9).

Amazon explains that the current petition challenges the validity of the sentences (but not the underlying convictions) imposed based on his guilty pleas to *burglary* and *sexual battery*, whereas his prior federal action, Ira M. Amazon v. Michael W. Moore, 8:97-cv-2371-T-23MAP, challenged the validity of *two murder convictions*. According to the documents filed in both federal actions, Amazon was charged with the two murders

in a capital indictment (state case number 81-9622), whereas he was charged with the burglary and sexual battery in an information (state case number 81-9620).  The charges arose from the same criminal incident.  A review of the petition in the prior federal action supports Amazon's argument that his challenge was limited to the murder convictions.  Accordingly, Amazon's pending motions (Doc. 7, 8, and 9) are meritorious to the extent that the present petition, which challenges only the sentences imposed for the burglary and sexual battery convictions, should not have been dismissed as successive.[1]

However, the present petition is time-barred.  The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for the writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ."  28 U.S.C. § 2244(d)(1)(A).  Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

---

[1] Amazon's claim of double jeopardy, litigated in the prior federal petition challenging the murder convictions, was based on the guilty pleas previously entered for the burglary and sexual battery charges.

Amazon's sentences for the burglary and sexual battery convictions were final in 1983 upon the conclusion of direct review. His state Rule 3.850 motion for post-conviction relief, commenced in 1988, was final in 1989 when the state appellate court ruled that the motion was time-barred. Because Amazon's convictions became final prior to the enactment of these provisions, his limitation period began on the date of enactment of this new limitation provision, April 24, 1996. Wilcox v. Fla. Dept. of Corrections, 158 F.3d 1209, 1211 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000). Amazon's limitation period expired one year later in April, 1997.

Amazon represents that he did not commence another state collateral proceeding until April, 2003, when he filed a Rule 3.800 motion to correct an illegal sentence. A Rule 3.800 proceeding tolls the federal limitation period. Ford v. Moore, 296 F.3d 1035, 1040 (11th Cir. 2002). Although the time remaining is preserved, time passed is not restored. Tinker v. Moore, 255 F.3d 1331, 1335, n.4 (11th Cir. 2001)("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."), cert. denied, 534 U.S. 1144 (2002). Amazon did not obtain another year by filing another state post-conviction challenge, and because the federal one-year period had expired, the Rule 3.800 proceeding did not toll any existing federal limitation period. Consequently, the present federal petition is time-barred.

Even if the state Rule 3.800 motion had tolled or restored the limitation, the present federal petition is still time-barred. The state proceeding concluded with the issuance of a mandate on April 19, 2004. Nyland v. Moore, 216 F.3d 1264, 1267 (11th

Cir. 2000)(state collateral attack proceeding remains pending until state appellate court issues its mandate).  Amazon allowed more than one year to pass before he signed his federal petition, which he dated December 15, 2006.

Amazon claims equitable tolling, to which he bears the burden of proving entitlement.  Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), cert. denied, 538 U.S. 947 (2003).  "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).  Amazon argues that he is entitled to equitable tolling because he was precluded from timely raising his claims due to a state impediment.  See 28 U.S.C. § 2244(d)(1)(B).  He argues that his early attempts to collaterally attack his burglary and sexual battery sentences were rejected on jurisdictional grounds because confusion surrounded the direct review of his murder convictions, which the lower state courts erroneously believed included a challenge to the burglary and sexual battery convictions.[2]  Amazon's argument, however, fails to explain the delay from enactment of the limitation period in April, 1996, until the commencement of his state Rule 3.800 motion to correct illegal sentence seven years later in April, 2003.  Moreover, Amazon fails to present any argument to show why he was precluded from including his challenge to the sentences for the burglary and sexual battery convictions in his prior federal petition challenging the validity of his murder convictions.

---

[2]  One of Amazon's challenges to the murder convictions was a claim of double jeopardy based on the guilty pleas previously entered for the burglary and sexual battery charges.

Accordingly, Amazon's "Motion for Rehearing" (Doc. 7), "Motion to Amend Pleadings" (Doc. 8), and "Motion to Alter or Amend Judgment" (Doc. 9), are **GRANTED** to the extent that the present petition, which challenges only the sentences imposed for the burglary and sexual battery convictions, should not have been dismissed as successive based on the petition in <u>Ira M. Amazon v. Michael W. Moore</u>, 8:97-cv-2371-T-23MAP. The earlier order (Doc. 5) and judgment (Doc. 6) are **VACATED**. Further, the petition for the writ of habeas corpus (Doc. 1) is **DISMISSED** as time-barred. Amazon's claim of equitable tolling is rejected. The clerk shall enter a judgment against Amazon and close this action.

ORDERED in Tampa, Florida, on February 7, 2007.

                                                STEVEN D. MERRYDAY
                                         UNITED STATES DISTRICT JUDGE

SA/ro